UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:19-CR-43-DPJ-LRA

ROGER STOKES

ORDER

Defendant Roger Stokes asks the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) and order his "immediate release or some kind of home confinement." Mot. [22] at 1. Stokes claims that his medical condition, along with the ongoing novel Coronavirus pandemic, provide "extraordinary and compelling reasons" to justify his release from incarceration. Because Stokes has not demonstrated that he has exhausted his administrative remedies under § 3582(c)(1)(A), his motion is denied without prejudice.

I.  Facts and Procedural History

On April 5, 2019, Stokes pleaded guilty to escape from federal custody under 18 U.S.C. § 751(a). On July 19, 2019, the Court sentenced Stokes to a 21-month term of incarceration. According to the Bureau of Prisons ("BOP") website, Stokes's projected release date is September 23, 2020.

Stokes, a 37-year-old male, suffers from asthma. He is presently incarcerated in the medium-security facility at the Federal Correctional Institution in Yazoo City, Mississippi. As of May 26, 2020, 1 inmate and 6 staff members there have confirmed active cases of COVID-19, while 6 inmates and 2 staff members are described as having recovered from the virus.[1] Fearing

---

[1] As of May 26, 2020, the low-security facility in Yazoo City, Mississippi, has 16 active cases among inmates and 6 among staff members, while the high-security facility there has 11 and 12 active cases, respectively.

his underlying conditions make him susceptible to complications in the event he contracts COVID-19, Gates asks the Court to "grant [him] compassionate relief/immediate release or some kind of home confinement." Mot. [22] at 1.

II.     Analysis

The threshold issue is whether the Court has authority to consider Stokes's motion. Although the motion does not reference any statutory section, it appears Stokes invokes 18 U.S.C. § 3582(c)(1)(A)(i), which states:

> The court *may not* modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

(Emphasis added); *see* Reply [25] (specifically referencing § 3582(c)(1)(A)). Stokes does not contend that he exhausted as contemplated by the statute, and the Government represents that Stokes "has not yet exhausted administrative remedies." Resp. [24] at 9. In reply, Stokes's appointed counsel explains that she "has attempted to contact the facility where Mr. Stokes is housed to set up an attorney client telephone call . . . to ascertain whether or not Mr. Stokes has exhausted all administrative remedies" but that "as of the filing date, no one at the facility will respond to this request." Reply [25] at 7 n.2.

Despite an apparent failure to exhaust, Stokes says "[t]he Court can waive the 30-day requirement for exhaustion of administrative remedies because of the high risk that Mr. Stokes could become infected with COVID-19." *Id.* at 6. In making that argument, Stokes abandons the statutory text and overlooks relevant Supreme Court precedent.

The Court's analysis of the statutory exhaustion requirement "begins with the text." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). As noted, § 3582(c)(1) states that "the court may not" modify Stokes's sentence until he exhausts his remedies. Nothing in § 3582(c) grants courts the authority to waive this requirement.

Stokes's legal authority does not say otherwise. According to him, "courts throughout the country have continued to waive the administrative exhaustion requirements under the First Step Act, where circumstances warrant." Reply [25] at 8. To support that contention, Stokes cites cases where the inmates sought sentence modifications under different First Step Act provisions through petitions filed under 28 U.S.C. § 2241. *See Gurzi v. Marques*, No. 18-CV-3104-NEB-KMM, 2019 WL 6481212, at *2 (D. Minn. Oct. 10, 2019); *Washington v. Bur. of Prisons*, No. 1:19-CV-01066, 2019 WL 6255786, at *2 (N.D. Ohio July 3, 2019). Significantly though, the exhaustion requirements for § 2241 are judicially created. *See Mayberry v. Pettiford*, 74 F. App'x 299, 299 (5th Cir. 2003) (noting that exhaustion under § 2241 is a judicially created mandate); *see also Leuth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007) (explaining that the exhaustion requirement under 2241 is "judicially created, not jurisdictional").

When—as here—Congress requires exhaustion, the obligations become mandatory. The United States Supreme Court explained why in *Ross v. Blake*, while examining the statutory exhaustion requirements under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). 136 S. Ct. at 1855.[2] Although the PLRA itself requires exhaustion, the Fourth Circuit Court of Appeals concluded that when "special circumstances" exist, district courts have authority to waive those exhaustion requirements. *Id*. The Supreme Court disagreed:

---

[2] Section 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

> No doubt, judge-made exhaustion doctrines, even if flatly stated at first, remain amenable to judge-made exceptions. *See McKart v. United States*, 395 U.S. 185, 193, 89 S. Ct. 1657, 23 L. Ed. 2d 194 (1969) ("The doctrine of exhaustion of administrative remedies . . . is, like most judicial doctrines, subject to numerous exceptions"). But a statutory exhaustion provision stands on a different footing. There, Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to. For that reason, mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion.

136 S. Ct. at 1857. As for the Fourth Circuit's special-circumstances test, the Supreme Court held that "the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.' And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account." *Id.* at 1856.

The same is true here. Like the PLRA, § 3582(c)(1)(A) is a statutory exhaustion requirement that offers no discretion for judge-made exceptions. Instead, the statute states that the Court "may not" modify Stokes's sentence until he exhausts his remedies. *See Valentine v. Collier*, 956 F.3d 797, 804 (5th Cir. 2020) (holding that the PLRA's "exhaustion obligation is mandatory—there are no 'futility or other [judicially created] exceptions [to the] statutory exhaustion requirements'") (quoting *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)). When a mandatory exhaustion rule like this exists, the Court "must enforce the rule if a party 'properly raise[s]' it." *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1849 (2019). In this case, the Government raised Stokes's failure to exhaust.[3]

On a final note, the Court shares Stokes's concern for inmate safety. That said, courts from across the country have concluded that they lack authority to waive

---

[3] Some courts have held that waiver is beside the point because § 3582(c)(1) is jurisdictional. *See, e.g.*, *United States v. Black*, NO. 2:12-CR-263-3, 2020 WL 2213892, at *2 (S.D. Ohio May 7, 2020) ("The exhaustion requirement contained in § 3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic.") (collecting cases). Whether that is true is debatable but irrelevant in the present case because the Government has not waived exhaustion.

4

§ 3582(c)(1) even when faced with COVID-19 outbreaks. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (noting that failure to exhaust "presents a glaring roadblock foreclosing compassionate release at this point"); *see also United States v. Van Sickle*, No. 18-250-JLR, 2020 WL 2219496, at *4 (W.D. Wash. May 7, 2020) ("[B]oth this court and other district courts in the ninth circuit which have considered this issue have nearly unanimously concluded that failure to exhaust administrative remedies is fatal to a compassionate release motion even in light of the urgency created by COVID-19."); *United States v. McIndoo*, No. 1:15-CR-142-EAW, 2020 WL 2201970, at *9 (W.D.N.Y. May 6, 2020) ("[I]n the absence of waiver or facts amounting to estoppel, this Court is without the authority to excuse Defendant's failure to comply with § 3582(c)(1)(A)'s exhaustion requirement."); *United States v. Pack*, No. 2:17-CR-20002-10, 2020 WL 2174447, at *2 (W.D. Tenn. May 5, 2020) (concluding that because defendant did not exhaust, "[t]he Court does not have authority to consider [his] Motion" under § 3582(c)); *United States v. Roberts*, No. 15-135-01, 2020 WL 2130999, at *2 (W.D. La. May 5, 2020) ("Section 3[58]2(c)(1)(A) does not provide this Court with the equitable authority to excuse Roberts' failure to exhaust his administrative remedies or to waive the 30-day waiting period."); *United States v. Brown*, No. 04-CR-143-DRH, 2020 WL 2128861, at *3 (E.D.N.Y. May 5, 2020) ("While the current health emergency warrants consideration of compassionate release requests in an expedited manner, Section 3582 does not allow for the waiver of exhaustion due to exigent circumstances."); *United States v. Gomez*, No. 2:18-CR-1435-1, 2020 WL 2061537, at *1 (S.D. Tex. Apr. 29, 2020) (observing that "[c]ourts in the Southern District of Texas have ruled that defendants who move for compassionate release still need to exhaust administrative rights . . . in order to bring a motion pursuant to 18 U.S.C. § 3582(c)(1)(A)" (collecting cases)); *United States v. Nevers*, No. 16-088, 2020 WL 1974254, at *2 (E.D. La. Apr. 24, 2020) ("Because the Court

cannot consider Petitioner's request for instant release or home confinement until she has complied with the exhaustion requirements of § 3582(c)(1)(A), the Court must deny the instant motion for failure to comply with the mandatory exhaustion requirements under § 3582(c)(1)(A)."). Stokes must comply with § 3582(c)(1)(A).

III.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Stokes's Motion [22] is denied without prejudice for failure to exhaust. Stokes may re-file his motion once he achieves one of the two avenues for exhaustion under § 3582(c)(1)(A).[4]

**SO ORDERED AND ADJUDGED** this the 2nd day of June, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The Court anticipates that Stokes will refile his motion once he exhausts administrative remedies. When he does, the parties may brief the issues they deem relevant. That said, they are instructed to address two specific points. First, Stokes argues that the Court has authority under § 3582(c)(1)(A)(i) to order him to "serve the remainder of his sentence on home confinement." Reply [25] at 22. That section allows the court to "modify the term of imprisonment," but it does not mention modifying the physical location where the defendant serves his term. Some courts have therefore held that they lacked authority to order a defendant to home confinement. *See, e.g.*, *United States v. Johnson*, No. CR 17-165, 2020 WL 2526965, at *2 (E.D. La. May 18, 2020). Second, the parties should address whether Stokes would be a danger to the community if the sentence is modified or reduced. *See id.*